# COMMONWEALTH OF VIRGINIA



## SUMMONS – CIVIL ACTION
RULE 3:5; VA. CODE § 8.01-2

Case No. CL20003191-00

NORFOLK ........................................................................................ Circuit Court

150 ST. PAUL'S BLVD, 7TH FLOOR, NORFOLK 23510
ADDRESS

TO:

SF MUTUAL AUTOMOBILE INS. CO., CORPORATION SERVICE CO, R.A.

100 SHOCKOE SLIP

FLOOR 2

RICHMOND, VA 23219-4100

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia.

MARCH 9, 2020 ......................        /S/ SCHAEFER, GEORGE E.; III _____ Clerk
DATE

by _____
DEPUTY CLERK

Instructions:

Hearing Official: ..................................................................................

SERVED BY: H.S.I.-757.868.5833
REGISTERED AGENT
SF MUTUAL AUTOMOBILE INS
464872- 1

FORM CC-1400 MASTER 10/13

**EXHIBIT 1**

Case 2:20-cv-00172-AWA-LRL Document 1-1 Filed 04/02/20 Page 2 of 15 PageID# 7
Uploaded: 2020MAR09 15:56 Filed By:HBELL on behalf of Bar# 84793 EPORCARO Reference: EF-63569
E-Filed: 2020MAR09 NORFOLK CC YNOE at 2020MAR09 16:23 CL20003191-00

VIRGINIA:  IN THE CIRCUIT COURT FOR THE CITY OF NORFOLK

HELENE JONES,

     Plaintiff,

v.                          CASE NO. _____

                                   **PLAINTIFF DEMANDS**
                                   **TRIAL BY JURY**

STATE FARM MUTUAL AUTOMIBLE INSURANCE COMPANY

**SERVE:**    STATE FARM MUTUAL AUTOMIBLE INSURANCE COMPANY
            Corporation Service Company, Registered Agent
            100 Shockoe Slip, Floor 2
            Richmond, VA    23219-4100

            Defendant.

## COMPLAINT

TAKE NOTICE that the undersigned hereby moves the Circuit Court for the City of Norfolk, Virginia, at the courthouse thereof for a judgment and award against defendant, for the sum of TWO HUNDRED-FIFTY THOUSAND AND 00/100 DOLLARS ($250,000.00) with interest and costs aforesaid.

1. That on the 16th day of June, 2016, the plaintiff, HELENE JONES, was involved in a motor vehicle accident in which she suffered serious bodily injuries.

2. As a result of the motor vehicle accident, the plaintiff incurred medical expenses in excess of $135,000.00.

3. That at the time of the accident, the plaintiff, HELENE JONES, was an insured under an automobile policy: 161 2447-A18-46 issued by the defendant, STATE

FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, which provided medical expense benefits of up to $ 200,000.000 to be paid in the event of injuries incurred as the result of an motor vehicle accident.

4.  A demand has been made on the defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, for payment of plaintiff's medical expense benefits.

5.  The defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, has refused to pay the amount duly owed from plaintiff's benefits under the Medical Expense provisions of the aforementioned policy.

6.  The plaintiff, HELENE JONES, seeks damages for breach of contract by the defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, for failure to pay medical expense benefits, and for bad faith for refusal to pay said benefits pursuant to Virginia Code (1950, as amended), Sections 8.01-66.1 and 38.2-209.

7.  That as a result of the defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S refusal to pay medical expense benefits has resulted in additional expenditures as well as caused plaintiff to hire an attorney and incur attorney's fees and costs.

8.  WHEREFORE, plaintiff moves this Court to enter judgment against the defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, for TWO HUNDREND FIFTY THOUSAND AND 00/100 Dollars ($250,000.00) pursuant to Sections 8.01-66.1 and 38.2-209, Code of Virginia, 1950, as amended, plus attorney's fees,

taxable cost, and interest at the rate of 6% provided for in Section 6.1.330.53 of Virginia Code (1950, as amended), and grant the relief provided in those sections.

HELENE JONES

By: _____
Of Counsel

ERIK C. PORCARO, Esquire
RUTTER MILLS, LLP
160 W. Brambleton Avenue
Norfolk, Virginia 23510
(757) 622-5000
(757) 623-9189 (facsimile)

3

# COVER SHEET FOR FILING CIVIL ACTIONS

COMMONWEALTH OF VIRGINIA

Case No. ......................................................
(CLERK'S OFFICE USE ONLY)

............................. Norfolk ............................. Circuit Court

......... Helene Jones .........  v./*In re:*  State Farm Mutual Automobile Insurance Company
PLAINTIFF(S)                                              DEFENDANT(S)

I, the undersigned [ ] plaintiff [ ] defendant [x] attorney for [x] plaintiff [ ] defendant hereby notify the Clerk of Court that I am filing the following civil action. (Please indicate by checking box that most closely identifies the claim being asserted or relief sought.)

## GENERAL CIVIL

**Subsequent Actions**
[ ] Claim Impleading Third Party Defendant
   [ ] Monetary Damages
   [ ] No Monetary Damages
[ ] Counterclaim
   [ ] Monetary Damages
   [ ] No Monetary Damages
[ ] Cross Claim
[ ] Interpleader
[ ] Reinstatement (other than divorce or
   driving privileges)
[ ] Removal of Case to Federal Court
**Business & Contract**
[ ] Attachment
[ ] Confessed Judgment
[x] Contract Action
[ ] Contract Specific Performance
[ ] Detinue
[ ] Garnishment
**Property**
[ ] Annexation
[ ] Condemnation
[ ] Ejectment
[ ] Encumber/Sell Real Estate
[ ] Enforce Vendor's Lien
[ ] Escheatment
[ ] Establish Boundaries
[ ] Landlord/Tenant
   [ ] Unlawful Detainer
[ ] Mechanics Lien
[ ] Partition
[ ] Quiet Title
[ ] Termination of Mineral Rights
**Tort**
[ ] Asbestos Litigation
[ ] Compromise Settlement
[ ] Intentional Tort
[ ] Medical Malpractice
[ ] Motor Vehicle Tort
[ ] Product Liability
[ ] Wrongful Death
[ ] Other General Tort Liability

## ADMINISTRATIVE LAW
[ ] Appeal/Judicial Review of Decision of
   (select one)
   [ ] ABC Board
   [ ] Board of Zoning
   [ ] Compensation Board
   [ ] DMV License Suspension
   [ ] Employee Grievance Decision
   [ ] Employment Commission
   [ ] Local Government
   [ ] Marine Resources Commission
   [ ] School Board
   [ ] Voter Registration
   [ ] Other Administrative Appeal

## DOMESTIC/FAMILY
[ ] Adoption
   [ ] Adoption – Foreign
[ ] Adult Protection
[ ] Annulment
   [ ] Annulment – Counterclaim/Responsive
   Pleading
[ ] Child Abuse and Neglect – Unfounded
   Complaint
[ ] Civil Contempt
[ ] Divorce (select one)
   [ ] Complaint – Contested*
   [ ] Complaint – Uncontested*
   [ ] Counterclaim/Responsive Pleading
   [ ] Reinstatement –
      Custody/Visitation/Support/Equitable
      Distribution
[ ] Separate Maintenance
   [ ] Separate Maintenance Counterclaim

## WRITS
[ ] Certiorari
[ ] Habeas Corpus
[ ] Mandamus
[ ] Prohibition
[ ] Quo Warranto

## PROBATE/WILLS AND TRUSTS
[ ] Accounting
[ ] Aid and Guidance
[ ] Appointment (select one)
   [ ] Guardian/Conservator
   [ ] Standby Guardian/Conservator
   [ ] Custodian/Successor Custodian (UTMA)
[ ] Trust (select one)
   [ ] Impress/Declare/Create
   [ ] Reformation
[ ] Will (select one)
   [ ] Construe
   [ ] Contested

## MISCELLANEOUS
[ ] Amend Death Certificate
[ ] Appointment (select one)
   [ ] Church Trustee
   [ ] Conservator of Peace
   [ ] Marriage Celebrant
[ ] Approval of Transfer of Structured
   Settlement
[ ] Bond Forfeiture Appeal
[ ] Declaratory Judgment
[ ] Declare Death
[ ] Driving Privileges (select one)
   [ ] Reinstatement pursuant to § 46.2-427
   [ ] Restoration – Habitual Offender or 3rd
      Offense
[ ] Expungement
[ ] Firearms Rights – Restoration
[ ] Forfeiture of Property or Money
[ ] Freedom of Information
[ ] Injunction
[ ] Interdiction
[ ] Interrogatory
[ ] Judgment Lien-Bill to Enforce
[ ] Law Enforcement/Public Official Petition
[ ] Name Change
[ ] Referendum Elections
[ ] Sever Order
[ ] Taxes (select one)
   [ ] Correct Erroneous State/Local
   [ ] Delinquent
[ ] Vehicle Confiscation
[ ] Voting Rights – Restoration
[ ] Other (please specify)

[ ] Damages in the amount of $ 250,000.00 ..................... are claimed.

3/9/2020
DATE

Erik C. Porcaro
PRINT NAME

Rutter Mills, LLP
ADDRESS/TELEPHONE NUMBER OF SIGNATOR

160 W. Brambleton Avenue, Norfolk, VA  23510

[ ] PLAINTIFF   [ ] DEFENDANT   [x] ATTORNEY FOR   [x] PLAINTIFF
                                                    [ ] DEFENDANT

..........................................................
EMAIL ADDRESS OF SIGNATOR (OPTIONAL)

FORM CC-1416 (MASTER) PAGE ONE 07/16

*"Contested" divorce means any of the following matters are in dispute:  grounds of divorce, spousal support and maintenance, child custody and/or visitation, child support, property distribution or debt allocation.  An "Uncontested" divorce is filed on no fault grounds and none of the above issues are in dispute.



Hampton Roads 757.622.5000
Toll-Free 800.515.3000

*Serving Hampton Roads, Southside, Peninsula and all of Virginia*
www.ruttermills.com

March 2, 2020

**VIA ELECTRONIC FILING**
The Honorable George E. Schaefer, III
Clerk, Norfolk Circuit Court
Civil Division
1150 St. Paul's Blvd., 7th Floor
Norfolk, VA    23510

>       Re:    *Helene Jones v. State Farm Mutual Automobile Insurance Company*
>               Norfolk Circuit Court, Civil Division
>               Filing New Complaint

Dear Mr. Schaefer:

Our firm represents the plaintiff in the above-styled case.   Enclosed please find a Complaint and Civil Cover Sheet for filing with the Court.   Please prepare a service package for the defendant, State Farm Mutual Automobile Insurance Company.

I have also enclosed a Plaintiff's First Set of Interrogatories and Request for Production of Documents, which need to be served on the defendant along with the Process you prepare.

I will download the service package and forward it to our private process server for service of process on the defendant.

Thank you for your assistance with this matter.   Feel free to contact me with any questions or concerns you may have.

Yours very truly,

Erik C. Porcaro

ECP/hlb
Enclosures
cc:    Anthony Hasson, State Farm (46-8S42-251)

NORFOLK
160 W. Brambleton Ave.
Norfolk, Virginia 23510
Fax: 757.623.9189

PENINSULA
4702 Washington Ave.
Newport News, Virginia 23607
Fax: 757.623.9189

Uploaded: 2020MAR09 15:56 Filed By:HBELL on behalf of Bar# 84793 EPORCARO Reference: EF-63569
E-Filed: 2020MAR09 NORFOLK CC YNOE at 2020MAR09 16:23 CL20003191-00

VIRGINIA: IN THE CIRCUIT COURT FOR THE CITY OF NORFOLK

HELENE JONES,

        Plaintiff,

v.                         CASE NO. _____

STATE FARM MUTUAL AUTOMIBLE INSURANCE COMPANY

**SERVE:**    STATE FARM MUTUAL AUTOMIBLE INSURANCE COMPANY
           Corporation Service Company, Registered Agent
           100 Shockoe Slip, Floor 2
           Richmond, VA    23219-4100

           Defendant.

### PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSIONS TO STATE FARM MUTUAL INSURANCE COMPANY

NOW COMES the plaintiff, by counsel, and propounds the following Interrogatories, Request for Production of Documents and Things, and Requests for Admission upon USAA GENERAL INDEMNITY COMPANY (hereinafter "USAA"), pursuant to the Rules of the Supreme Court of Virginia with said Interrogatories to be answered under oath, documents produced, and Requests for Admissions answered at/to the offices of RUTTER MILLS, L.L.P., 160 W. Brambleton Ave., Norfolk, Virginia 23510 within twenty-one (28) days of service.

### DEFINITIONS:

A. The terms "of which you have knowledge" or "your knowledge" or any like term includes knowledge of the claimant and knowledge of any person or firm including

your and/or defendant's attorney, unless privileged, acting on defendant's and/or your behalf at any and all times.

B. "Produce" means produce in physical and electronic form. If production cannot be made, then defendant must state such and make available, or authorize the obtaining of any material requested to be produced, said production or making available to be for the purpose of inspection and copying.

C. "Document" is an all inclusive term and means the original or any authentic copy of a writing or other form of record preserving information which is or may be in the possession, custody or control of the defendant or of which defendant has knowledge of whether or not in the possession, custody or control of the defendant and whether or not claimed to be privileged against discovery on any ground including, but not limited to, reports, records, lists, checks, receipts, invoices, memoranda, correspondence, telegrams, communications, schedules, photographs, drawings, charts, recordings, films, or any other form of preserved information. *If privilege is claimed in response to any Request for Production, then you must include in your respons/es a "privilege log" itemizing the material or documents withheld from production by date, addressee/s, author, title, and subject matter. In addition, you must identify those persons who have seen the document or to whom copies were sent. Finally, you must state with particularity the ground/s for asserting the privilege for each and every document.*

D. "Identify", "identity", or "identification" when used in reference to an individual person, company or other entity means to state the full name, business

2

address, home address, all known telephone numbers of the individual, person, company, and/or other entity, and in the case of a person, his/her business affiliation and last known position, and when such words are used in reference to a document means to describe said document including the nature and content thereof, the date thereof, the name and address of the author thereof, or participant therein, the present location of the person or entity having custody thereof.

E.      Unless otherwise indicated, these Interrogatories and Requests for Production refer to the time, place and circumstances of the occurrence mentioned or complained of in the pleadings.

F.      If an objection is made to any Interrogatory or Request for Production, a full answer/ response should be made to such part of the interrogatory / request that is not considered objectionable.

G.      Where knowledge or information in possession of a party is requested, such request includes knowledge of the party's agents, representatives and, unless privileged, his or her attorneys.   When answer is made by a corporation, state the name, address and title of the person supplying the information and making the affidavit, together with the source of his or her information.   If the information sought in the interrogatory cannot apply to the corporation, the interrogatory seeks information from the person/s supplying the answer/s.

The duty to respond to these interrogatories and requests for production is continuing and any responses are to be supplemented upon your obtaining any

3

knowledge or additional information, including corrections.    Theses definitions also apply to any additional or subsequent discovery propounded to you and/or defendant/s by the plaintiff in this case unless otherwise specified.

## **INTERROGATORIES**

Pursuant to Rule 4:8, plaintiff propounds to you the following Interrogatories:

1.    Identify the person answering these Interrogatories in accordance with the definitions and instructions previously set forth.

ANSWER:

2.    State the name, present address, and telephone numbers of all persons known or believed by you, your attorneys, agents, representatives, or other acting in your behalf to have knowledge of any facts regarding the subject matter of this action, whether pertaining to the issue of bodily injuries, or damages.

ANSWER:

4

3.      Identify each policy of insurance you issued to the plaintiff or other members of her household which was in full force and effect at the time of this accident and provide the policy limits for each coverage, effective dates, and amounts of medical payments or medical expense coverage.

ANSWER:

4.      Provide details and reasons for your denial of payment of plaintiff's claims for medical expense reimbursement under plaintiff's automobile policy with State Farm Mutual Automobile Insurance Company, under which plaintiff, Helen Jones, was covered.

ANSWER:

## REQUESTS FOR PRODUCTION

Pursuant to Rule 4:9, the plaintiff propounds to you the following Requests for Production of Documents and Things:

1.      Any and all statements of any and all parties and/or witnesses.

**RESPONSE:**

2.      Every book, document or other tangible thing of any nature whatsoever which you relied on in answering Interrogatories or reviewed by you in answering Interrogatories or from which you received any information in answering Interrogatories.

**RESPONSE:**

3.      All documents subpoenaed during the course of this litigation pursuant to Rule 4:9 and/or Code of Virginia Section 8.01-417(b) provided Plaintiff agrees to pay for reasonable copying costs pursuant to Code Section 8.01-417(b).

**RESPONSE:**

4.      Copies of all policies of insurance listed in Interrogatory number 3.

**RESPONSE:**

5.      Any and all statements given by the plaintiff to any person whether oral or in writing.

**RESPONSE:**

6

6.     Copies of all reports prepared by any and all expert/s you intend to provide testimony at trial.

**RESPONSE:**

7.     For each and every expert/s who may testify at trial, produce one (1) complete copy of each and every document and all material referenced by or relied upon by each expert in forming his/her opinion/s.

**RESPONSE:**

8.     Copies of all reports by all experts retained regarding the claims made in this lawsuit.

**RESPONSE:**

9.     Every book, document or other tangible thing of any nature whatsoever, which you will rely on in support of your Answers to Interrogatories.

**RESPONSE:**

10.    Every book, document or other tangible thing of any nature whatsoever, including but not limited to, *ex parte* affidavits, statements in writing, and all recorded statements which impeach or relate to the credibility of the plaintiff.

**RESPONSE:**

11.    Every book, document or other tangible thing of any nature whatsoever, including but not limited to, *ex parte* affidavits, statements in writing, and all recorded statements which impeach or relate to the credibility of any witness who has knowledge of any facts regarding this case.

**RESPONSE:**

HELENE JONES

By_____
                    Of Counsel

8

Erik C. Porcaro, Esquire
RUTTER MILLS, LLP
160 W. Brambleton Avenue
Norfolk, VA 23510
(757) 622-5000
(757) 623-9189 (facsimile)

9